UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Dawn Wood, | ) | C/A No. 4:13-444-KDW[1] |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| Robert Todoroff, a/k/a Robby Love; X | ) | |
| Sports, Inc.; and The Sports Mall, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff, at the time represented by counsel, filed this action in the Horry County Court of Common Pleas, alleging Defendants violated the Fair Labor Standards Act ("FLSA"), *inter alia*. Defendants removed the matter to this court on February 18, 2013. *See* ECF No. 1. On February 25, Defendants filed their Answer as well as several counterclaims against Plaintiff. ECF No. 8. Plaintiff responded to the counterclaims on March 15, 2013. ECF No. 8.

On February 26, 2013, the court entered a Scheduling Order, ECF No. 6, and a Mediation Order, ECF No. 7, setting forth deadlines applicable to Plaintiff and Defendants. Both parties, through counsel, agreed that these deadlines were appropriate for this case. ECF Nos. 12, 13. Both parties timely filed responses to the court's Local Civil Rules Interrogatories. ECF Nos. 14, 15. Defendants timely filed the affidavit of a records custodian. ECF No. 21. As neither party filed anything with the court relating to the mediation deadline, the court issued its order on November 14, 2013, ECF No. 53, requiring both Plaintiff and Defendants to file a written notice no later than November 21, 2013 complying with the

---

[1] The parties consented to proceed before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 606(c) and Federal Rule of Civil Procedure 73. ECF Nos. 17, 18.

Mediation Order, ECF No. 7. In that Order, the court explained that if any party failed to comply with its Order, the court may dismiss their claims and/or counterclaims with prejudice for failure to prosecute. ECF No. 53 at 2 (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) and Fed. R. Civ. P. 41(b)).

Plaintiff[2] did not respond to the November 21, 2013 deadline in any way, nor has she communicated with the court regarding the November 21, 2013 Order. Defendants, through counsel, sought an extension of time to comply with the court's Order. ECF Nos. 56. In seeking the extension, defense counsel indicated she had been unable to communicate with Plaintiff and sought the extension to further attempt to locate Plaintiff for purposes of scheduling mediation "or otherwise." ECF No. 56 at 2. Defendants indicated if they had not been able to communicate with Plaintiff by the extended deadline, they would file an appropriate motion. *Id.*

On December 23, 2013, Defendants filed a Motion to Dismiss for Failure to Prosecute. ECF No. 64. Pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, Defendants seek dismissal of Plaintiff's claims and agree to dismiss their counterclaims. *Id.* at 1. Defendants outline the history of this litigation and their numerous attempts to locate Plaintiff, including attempting to have an experienced process server locate her. *Id.* at 2; Aff. of Process Server, ECF No. 64-1. As Plaintiff is proceeding pro se, the court entered an order on December 27, 2013, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of a motion to dismiss and of the need for her to file an adequate response. ECF No. 65. Plaintiff was informed that her response was due by January

---

[2] On September 16, 2013, the court granted the motion of Plaintiff's former counsel to be relieved. Plaintiff is now proceeding pro se.

30, 2014. Plaintiff was specifically advised that if she failed to respond adequately, Defendants' Motion may be granted, thereby ending her case.

Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* Order, Plaintiff has failed to respond to the Motion. As such, it appears to the court that Plaintiff does not oppose the motion and wishes to abandon her action against Defendants.

Based on the foregoing, the court *grants* Defendants' Motion to Dismiss, ECF No. 64, and dismisses Plaintiff's case against Defendants for failure to prosecute. *See Davis*, 588 F.2d at 70; Fed. R. Civ. P. 41(b). Further, the court dismisses Defendants' counterclaims against Plaintiff with prejudice as Defendants agreed to do in their Motion. *See* ECF No. 64 at 1. Accordingly, this case is dismissed in its entirety, and the Clerk of Court is instructed to enter judgment to this effect. Further, the Clerk of Court is instructed to send this Order to Plaintiff at her last-known address by way of both regular and certified U.S. Mail.

IT IS SO ORDERED.

February 5, 2014                                             Kaymani D. West
Florence, South Carolina                          United States Magistrate Judge